1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOSE RODRIGUEZ GARCIA,                          1:10-cv-01309-LJO-DLB (HC)

10                              Petitioner,         FINDINGS AND RECOMMENDATION
                                                    REGARDING RESPONDENT'S MOTION TO
11            v.                                    DISMISS PETITION AND PETITIONER'S
                                                    MOTION FOR AN EVIDENTIARY HEARING
12
     RAUL LOPEZ, Warden                             [Docs. 15, 17]
13
                              Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                                          BACKGROUND

19          Petitioner is currently in the custody of the California Department of Corrections and

20   Rehabilitation.  In the instant petition, Petitioner challenges a June 10, 2008, prison rule violation

     for battery on an inmate with a weapon.
21
            Respondent filed the instant motion to dismiss for lack of jurisdiction on September 28,
22
     2010.  Petitioner filed an opposition on October 21, 2010, and Respondent filed a reply on
23
     November 19, 2010.
24
     ///
25
     ///
26
     ///
27

28

                                                    1

1

DISCUSSION

2    A.    <u>Procedural Grounds for Motion to Dismiss</u>

3        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

5 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

6        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

7 if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

8 the state's procedural rules. <u>See</u> <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990)

9 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White</u>

10 <u>v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

11 motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12

12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a

13 response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F.

14 Supp. at 1194 & n. 12.

15        In this case, Respondent's motion to dismiss is based on the lack of jurisdiction under 28

16 U.S.C. § 2254. Therefore, the Court will review Respondent's motion to dismiss pursuant to its

17 authority under Rule 4.

18    B.    <u>Lack of Jurisdiction</u>

19        Federal habeas corpus jurisdiction exists only if a state prisoner is in custody in violation

20 of federal laws. 28 U.S.C. § 2254(a). The challenged action must affect the fact or duration of

21 the inmate's custody. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973). In this case, although

22 Petitioner was initially assessed a 90-day credit loss, it was subsequently restored through the

23 inmate appeals process. During the appeal process, it was discovered that the disciplinary action

24 should have been classified as a Division A1 offense, rather than a Division D, rule violation.

25 The error was corrected and as a result the 90-day credit loss was restored to Petitioner. Thus,

26 any challenge to the disciplinary action has not lengthened or otherwise affected the duration of

27 Petitioner's custody, and relief under section 2254 is foreclosed.

28 ///

2

1       Moreover, Respondent has submitted evidence that Petitioner remains in the SHU, not

2  because of the rule violation, but because his safety is in danger and he refuses to accept

3  alternative housing.  (Reply, Ex. 1, Housing Assignment Chrono; Ex. 2, Memo Regarding

4  Housing for Garcia.)  Petitioner was assessed a SHU term for the rule violation, the term ended

5  on December 10, 2009.  (Ex. 1.)  However, Petitioner cannot be released to the general

6  population because other inmates are targeting him for assault because of his commitment

7  offense.  (Ex. 1; Ex. 2.)  Petitioner was offered an alternative housing unit in the special needs

8  yard (SNY)-a facility with the same conditions as the general inmate population facility and

9  which houses other inmates targeted for assault because of their commitment offenses or prior-

10 gang drop out status.  (Id.)  Petitioner refused housing in the SNY, and the only other alternative

11 housing that does not comprise his safety is in the SHU.  (Id.)  Accordingly, it is clear that the

12 2008 rule violation has not affected the duration of Petitioner's custody because he lost no credits

13 and it is not the basis for his continued confinement in the SHU.  Thus, Respondent's motion to

14 dismiss the instant petition should be granted.

15 C.    Motion for Evidentiary Hearing

16      Petitioner requests the Court conduct an evidentiary hearing to resolve the merits of his

17 underlying claim.  In Schriro v. Landrigan, 127 S.Ct. 1933 (2007), Supreme Court held that "(1)

18 in deciding whether to grant an evidentiary hearing, a federal court must consider whether such a

19 hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

20 entitle the applicant to federal habeas relief; (2) because the deferential standards prescribed by

21 28 U.S.C. § 2254 control whether to grant habeas relief, a federal court must take into account

22 those standards in deciding whether an evidentiary hearing is appropriate; and (3) if the record

23 refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is

24 not required to hold an evidentiary hearing."   Because the instant petition fails to state a

25 cognizable claim under section 2254, there is simply no basis for an evidentiary hearing.

26 ///

27 ///

28

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss the petition for lack of jurisdiction be GRANTED;

2      The Clerk of Court be directed to terminate this action; and

3.      The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed for lack of jurisdiction under 28 U.S.C. § 2254(a).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:**  **November 23, 2010**            _____ **/s/ Dennis L. Beck** _____
UNITED STATES MAGISTRATE JUDGE

4