1

2

3

4

5

6

7

8                               **UNITED STATES DISTRICT COURT**

9                               EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE RODRIGUEZ GARCIA,                    | Case No. 1:10-cv-01309 LJO DLB HC

12                    Petitioner,                | ORDER DENYING PLAINTIFF'S
                                                  MOTION FOR RECONSIDERATION
13        v.
                                                 | [ECF No. 30]
14    RAUL LOPEZ, Warden,

15                    Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.

19        On January 10, 2011, the Court issued an order granting Respondent's motion to dismiss and

20    dismissing the petition with prejudice for lack of jurisdiction.  Judgment was entered the same date.

21    On February 7, 2011, Petitioner filed a notice of appeal, and the appeal was transferred to the Ninth

22    Circuit Court of Appeals.  On May 24, 2012, the Ninth Circuit denied the appeal.

23        On July 15, 2015, Petitioner filed the instant motion for reconsideration.  Plaintiff seeks to

24    have judgment vacated and the habeas corpus action reinstated because he claims the Court does in

25    fact have jurisdiction to hear his claims.  Plaintiff cites to several 2011 and 2012 cases in support of

26    his claim.

27                                        **DISCUSSION**

28        Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence,

                                                    1

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control...."  <u>Id</u>. (internal quotation marks and citation omitted).  A motion under Rule 60(b) must be made within a reasonable time, "and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In this case, Petitioner makes no argument for reconsideration apart from citing to several cases.  Moreover, Petitioner's motion is clearly untimely given the judgment he seeks to vacate was entered over four years ago.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   __**July 16, 2015**__                    ___/s/ Lawrence J. O'Neill___
                                                        UNITED STATES DISTRICT JUDGE